1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MILAN EDWARD JURKOVIC,

Defendant.

No. CR23-001 RSL

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE

15    This matter comes before the Court on defendant Milan Jurkovic's motions in limine.
16 Dkt. #25; Dkt. #27. Defendant filed several motions in limine. Dkt #25; Dkt. #27. Having
17 reviewed the submissions of the parties and the remainder of the record, the Court finds as
18 follows:

19                        **I.      BACKGROUND**

20
21    Defendant faces trial for a charge of abusive sexual contact pursuant to 18 U.S.C. §
22 2244(b) and 49 U.S.C. § 46506(1) with a forfeiture allegation. Dkt. # 1. The indictment alleges
23 that defendant knowingly and intentionally touched Minor Victim's inner thigh, through her
24 clothing, without her permission with intent to "abuse, humiliate, harass, degrade, and arouse
25 and gratify the sexual desire of any person" on a nonstop flight from Paris, France to Seattle,
26 Washington. *Id.* at 1.

27                        **II.     DISCUSSION**

28

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 1

**A. Dkt. 25**

Defendant filed unopposed motions in limine seeking to exclude (1) witnesses from the courtroom until their testimony has been completed; (2) references by witnesses or arguments by counsel regarding the defendant's non-testimonial demeanor; and (3) testimony and arguments regarding the defendant's failure to produce evidence. Dkt. #25 at 2-3. The motions in limine are unopposed and therefore GRANTED.

Defendant also requests the parties give each other notice of their expected witnesses the day before calling them to testify. *Id.* at 4. The Court will ask each party to announce their witnesses the day prior.

**B. Dkt. 27**

**1. Motion in Limine No. 3.1**

Defendant moves to prohibit any witness from testifying directly from a written report pursuant to Federal Rule of Evidence 802. Dkt. #27 at 2. This motion is unopposed, Dkt. #29 at 4, and therefore GRANTED.

**2. Motion in Limine No. 3.2**

Defendant requests that witnesses should be ordered not to discuss their testimony or other matters related to the case with other witnesses. Dkt. #27 at 2. The motion is unopposed, Dkt. #29 at 4-5, and therefore GRANTED insofar as it limits communications between witnesses regarding the substance of the case.

**3. Motion in Limine No. 3.3**

Defendant requests that parties should disclose any exhibits, videos, photographs, or computer slide shows the day before using them in opening statement or closing argument. Dkt. #27 at 2. The Government does not oppose the motion but notes it may not be able to provide

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 2

materials one day before closing arguments if "closing arguments occur the same day as the testimony of a witness." Dkt. #29 at 5.

The parties should disclose any exhibits, videos, photographs, or computer slide shows the day before using them in their opening statement and closing argument, if possible. If either party wishes to highlight material presented the same day as closing argument, the parties should disclose any exhibits, videos, photographs, or computer slide shows no later than the day of. Therefore, defendant's motion is GRANTED in part.

### 4. Motion in Limine No. 3.4

Defendant requests the Court bar witness statements that encompass legal conclusions. Dkt. #27 at 2-3. Specifically, he seeks to exclude statements by flight attendants that the defendant "molested" the victim or that he committed "sexual assault." *Id.* at 3. The Government does not oppose excluding the term "sexual assault," but argues that the term "molested" should be permitted as an accurate description of the defendant's actions instead of a legal conclusion. Dkt. #29 at 5-6.

Witnesses may not testify as to a legal conclusion. *United States v. Bohn*, 622 F.3d 1129, 1138 (9th Cir. 2010). The prohibition avoids testimony that would "merely tell the jury what result to reach" or confuse the jury about the applicable legal standard. Advisory Committee Notes to Fed. R. Evid. 704. Testimony is not objectionable as containing a legal conclusion where the "average layman would understand those terms and ascribe to them essentially the same meaning intended." *United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir. 1977) (per curiam). Whether testimony contains a legal conclusion is dependent on the type of question asked or the context of the testimony. *See, e.g.*, *United States v. Defoor*, 625 F. App'x 784, 786-87 (9th Cir. 2015) (admitting testimony because "nothing in the record suggests that . . . [the witness] intended the term to mean anything other than what is does in common parlance."); *United States v. Geter*, 927 F.2d 611 (9th Cir. 1991) ("The term 'theft' as used by the witness has no 'specialized meaning in law different from that present in the vernacular.'").

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 3

The propriety of the term "molested" is context dependent. The appropriate scope of both expert and lay testimony is better addressed in response to specific objections at trial. Accordingly, the defendant's motion as to the term "sexual assault" is GRANTED and ruling on the term "molested" is RESERVED.

### 5. Motion in Limine No. 3.5

Defendant requests the Court bar testimony or argument implying a personal belief or opinion about the defendant's guilt. Dkt. #27 at 3. The motion is unopposed, Dkt. #29 at 6, and therefore GRANTED.

### 6. Motion in Limine No. 3.6

Defendant moves to exclude speculation regarding emotional or mental states of the defendant and the victim. Dkt. #27 at 4. Specifically, he seeks to exclude testimony that the victim looked "shocked" or "shaken," and that the defendant's demeanor changed throughout the flight. *Id.* at 4-5. Although a witness may not testify as to a defendant's *mens rea*, *Clark v. Arizona*, 548 U.S. 735, 757 (2006), testimony regarding events perceived through the physical senses or about opinions rationally based on personal observation and experience is admissible. Fed. R. Evid. 601; *id.* at 701. To the extent witnesses will testify about his or her own observations of the victim and defendant, the evidence is relevant to assess the credibility of the parties—a central issue in this case—and the context of the incident. Accordingly, the defendant's motion is DENIED.

### 7. Motion in Limine No. 3.7

Defendant moves to exclude any reference to the victim's age or youth. Dkt. #27 at 5. Testimony about the victim's youth or age is relevant to assess the victim's credibility and give context to the factual background and her response to the alleged abuse. With regard to using the term "minor," the term may be excluded if the victim was 16 years old or older at the time of the crime because the characterization would be improper under this Chapter. *See* 18 U.S.C. §

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 4

2243(a)(1) (defining a minor as a person who has "attained the age of 12 years but has not attained the age of 16 years"). Although the victim's age is unclear from the pleadings, *see* Dkt. #27 at 5 ("the alleged victim was 17 at the time of this offense"); Dkt. #29 at 1 (describing the victim as 16 years old a few months before the crime), it appears that she was at least 16 years old, and therefore not a "minor." Accordingly, the defendant's motion is GRANTED with respect to using the term "minor" and DENIED with respect to references to the victim's age and youth.

### 8. Motion in Limine No. 3.8

Defendant moves to exclude statements regarding his invocation of right to counsel and right to stay silent. Dkt. #27 at 5. The motion is unopposed, Dkt. #29 at 9, and therefore GRANTED.

### 9. Motion in Limine 3.9

Defendant moves to allow out of country witnesses to testify remotely via video link. Dkt. #27 at 7. The motion is unopposed, Dkt. #29 at 9, and therefore GRANTED.

### 10. Motion in Limine 3.10

Defendant seeks to exclude any witness statements without testimony in violation of Sixth Amendment Confrontation Clause. Dkt. #27 at 9. Because the defendant is not moving to exclude any specific testimony, ruling on this motion is RESERVED.

### 11. Motion in Limine 3.11

Defendant seeks to exclude statements construed as prior bad acts, namely the defendant's interactions with the victim prior to the incident. Dkt. #27 at 12-13. The defendant allegedly repeatedly smiled at the victim, offered her candy, and inappropriately stared at her teammates. *Id.* at 13-14. The Government opposes the motion, arguing that the acts are not prior bad acts within the meaning of Federal Rule of Evidence 404(b), and if they are, they may be admitted for other reasons. Dkt. #29 at 11-12.

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 5

Evidence of any other crime, wrong, or act is not admissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But, such evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of a defendant's prior bad acts is not subject to a 404(b) analysis if it is "inextricably intertwined" with the crime charged. *United States v. Thompson*, 606 F. Supp. 3d 1066, 1070 (W.D. Wash. 2022). Evidence is inextricably intertwined when "it is necessary to admit the evidence 'to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime,' such as to 'explain . . . the events surrounding the commission of the crime.'" *Id.*

The defendant's prior interactions with the victim cannot be categorically excluded. The defendant's conversations and interactions with the victim and her teammates are relevant and necessary to provide context regarding the defendant's state of mind prior to the incident and his relationship (or lack thereof) to the victim. More so, the Government may introduce the evidence as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In that case, the Court may read a limiting instruction to ensure proper consideration of the evidence. Accordingly, the defendant's motion is DENIED. [1]

## 12. Motion in Limine 3.12

Defendant seeks to exclude use of the terms "Victim," "Suspect," and "Defendant" to avoid inferences of the defendant's guilt. Dkt. #27 at 17. Limited use of the terms is not unduly

---

[1] Much of the defendant's arguments go to the weight of the evidence, not its admissibility. *See e.g.,* Dkt. #27 at 14 ("it is a leap of logic to conclude merely looking at a passing stranger establishes a later motive to feel the body part of a *completely different person*.") (emphasis in original). But "[i]t is the jury, not the court, which . . . weighs the contradictory evidence and inferences, . . . and draws the ultimate conclusion as to the facts." *Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35 (1944).

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 6

prejudicial, nor is it an improper inference of the defendant's guilt. Therefore, defendant's motion is DENIED.

### 13. Motion in Limine 3.13

Defendant seeks to exclude hearsay testimony from the investigating officers. Dkt. #27 at 18. Admissibility of hearsay testimony is better addressed in response to specific objections at trial. Accordingly, ruling on this motion is RESERVED.

### 14. Motion in Limine 3.14

Defendant contends that agents and officers testifying for the Government may be examined by "leading questions." Dkt. #27 at 19. The motion is unopposed, Dkt. #29 at 13, and therefore GRANTED.

### 15. Motion in Limine 3.15

Defendant requests wide latitude in cross examination, including impeachment evidence and testimony. Dkt. #27 at 20. The motion is unopposed, Dkt. #29 at 13, and therefore GRANTED subject to the limitations in Federal Rules of Evidence 412 and 608(b).

### 16. Motion in Limine 3.16

Defendant requests the Government comply disclose any and all *Brady* material. Dkt. #27 at 23. The Government understands its obligations under *Brady* and has a continuing obligation to turn over any exculpatory material that comes into its possession. *See* Dkt. #29 at 13.

### 17. Motion in Limine 3.17

Defendant requests the ability to cross examine officers regarding any lack of investigation in this case. Dkt. #27 at 23. The motion is unopposed, Dkt. #29 at 14, and therefore GRANTED.

### 18. Motion in Limine 3.18

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 7

1    Defendant requests that this Court require the use of "unless" rather than "until" in all
2  jury instructions. Dkt. #27 at 24. Under our Local Rules, the Government files its proposed jury
3  instructions 14 days in advance of the trial date, and the defense may file any proposed
4  alternative or supplemental instructions no later than ten days in advance of trial. Local Rules
5  W.D. Wash. CrR 30(a). "Each party has the right to propose additional or modified instructions
6  during the course of the trial." *Id.* The motion is premature, and ruling is RESERVED.

7    ### 19. Motion in Limine 3.19

8    Defendant seeks to limit his cross examination to topics inquired into during direct
9  examination. Dkt. #27 at 25. Generally, "[c]ross-examination should not go beyond the subject
10 matter of the direct examination and matters affecting the witness's credibility" but "[t]he court
11 may allow inquiry into additional matters." Fed. R. Evid. 611(b). Because the Court has
12 discretion to expand the scope of cross examination, the appropriate scope of cross examination
13 is better addressed in response to specific objections at trial. Accordingly, ruling on this motion
14 is RESERVED.
15

16    ### 20. Motion in Limine 4.20

17    Defendant seeks to bar testimony or comments regarding the number of arrests made by
18 the arresting officer for this crime. Dkt. #27 at 25. The motion is unopposed, Dkt. #29 at 15, and
19 therefore GRANTED.
20

21    ### 21. Motion in Limine 4.21

22    Defendant requests each side be granted twenty minutes to examine prospective jurors.
23 Dkt. #27 at 26. The Court will conduct initial examination of prospective jurors, and counsel
24 may examine the prospective jurors for twenty minutes as permitted by our Local Rules. *See*
25 Local Rules W.D. Wash. CrR 24(a).

26    ### 22. Motion in Limine 4.22
27

28
ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 8

1    Defendant seeks to prohibit witnesses from examining notes or reports unless necessary

2 to refresh the witness's recollection, and, if a witness's memory is not refreshed after reviewing

3 notes, the witness cannot testify on any facet of that subject. Dkt. #27 at 27. The motion is

4 overly broad. References to notes or written materials is best dealt with at trial in response to

5 specific objections. Accordingly, ruling on defendant's motion is RESERVED.

6    DATED this 16th day of November, 2023.

7

8

9                                          *MM S Lasnik*

10                                         Robert S. Lasnik
                                           United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
- 9