UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILAN EDWARD JURKOVIC,<br><br>Defendant. | No. CR23-001 RSL<br><br>ORDER ON DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING |

This matter comes before the Court on the defendant's "Motion for Judgement of Acquittal Pursuant to Fed. R. Crim. 29 and in the Alternative, a New Trial Pursuant to Fed R. Crim. P. 33 With Leave to Contact Jurors, or in the Alternative, for an Evidentiary Hearing at Which Counsel Can Examine the Jurors Under Oath." Dkt. # 81. Having reviewed the submissions of the parties, the Court GRANTS defendant's motion for an evidentiary hearing. The Court also GRANTS defendant's motion to file an overlength brief (Dkt. # 82).

## I.     Background

On December 8, 2023, a unanimous jury found the defendant, Milan Jurkovic, guilty of Abusive Sexual Contact in Special Aircraft Jurisdiction. Dkts. # 66, # 76 ¶ 2. The Court polled the jury, and each juror individually affirmed the verdict was his/her own and that of the jury. Dkts. # 66, # 76 ¶ 2. After the trial was adjourned and the jury was discharged, two jurors approached the courtroom deputy, Victoria Erickson, stating that "they felt coerced by other jurors during deliberations and felt there was reasonable doubt regarding Mr. Jurkovic's guilt as to the crime of abusive sexual contact." Dkt. # 76 ¶ 5.

ORDER ON DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING - 1

On December 14, 2023, the Court heard arguments from both parties and orally extended the post-trial motions deadline to January 8, 2024. Dkt. # 75. The courtroom deputy filed a declaration restating the jurors' statements. *See* Dkt. # 76. Defendant timely filed the instant motion for judgment of acquittal, a new trial, or alternatively an evidentiary hearing. Dkt. # 81.

## II.     Motion for an Evidentiary Hearing

"[I]t is within the trial court's discretion to determine whether and when to hold an evidentiary hearing" and to determine the "extent and nature" of the hearing. *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1977); *See United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) ("When presented with an allegation of juror misconduct, a trial court should ordinarily hold an evidentiary hearing to hear admissible juror testimony and determine the precise nature of the extraneous information.").

Although "[a]n evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias," *United States v. Saya*, 247 F.3d 929, 935 (9th Cir. 2001) (quotations and citations omitted), Ninth Circuit precedent provides for a "flexible rule," permitting an evidentiary hearing following allegations of juror misconduct after "consider[ing] the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003); *Hendrix*, 549 F.2d at 1227. A hearing is permitted without running afoul of Federal Rule of Evidence 606(b) if it is held to "determine the truthfulness of the allegations of juror misconduct or prejudice," and to determine if the bias or prejudice amounted to a constitutional violation. *Hendrix*, 549 F.2d at 1228–29.

In light of binding precedent, and out of an abundance of caution and fairness to the defendant, the Court exercises its discretion to hold an evidentiary hearing with the parties and counsel present. Only the Court will be permitted to question the jurors to determine the nature and extent of the coercion or misconduct. *See Id.* at 1227. The Court will inquire into (1) "whether 'extraneous influences' tainted the verdict," *see United States v. Leung*, 796 F.3d 1032, 1035 (9th Cir. 2015), and (2) whether threats, if any, affected the jurors' impartiality,

thereby prejudicing the defendant, *see generally United States v. Angulo*, 4 F.3d 843, 848 (9th Cir. 1993).

Accordingly, the Court GRANTS defendant's motion for an evidentiary hearing without permitting counsel to question the jurors.

DATED this 1st day of April, 2024.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge